**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ALASKA**

RONALD SATISH EMRIT,

                         Plaintiff,

    vs.

GEORGE SOROS, *et al.,*

                     Defendants.

Case No. 1:19-cv-00003-RRB

**ORDER OF DISMISSAL**

Ronald Satish Emrit, representing himself, has filed an 18-page civil Complaint and an Application to Waive the Filing Fee.[1] Mr. Emrit alleges violations of federal constitutional and statutory law against an individual, George Soros, and three federal agencies, the Federal Communications Commission (FCC), the Federal Trade Commission (FTC), and the Securities Exchange Commission (SEC); and he seeks $40 billion in damages, as well as injunctive relief.[2] In addition to the federal legal issues he raises, Mr. Emrit claims diversity jurisdiction in this case.[3]

---

[1] Dockets 1, 3.

[2] Docket 1.

[3] *Id.* at 5.

<u>Screening Requirements</u>

Federal law requires a court to conduct an initial screening of a complaint brought by a self-represented plaintiff who has not paid the filing fee. In this screening, a court shall dismiss the case at any time if the court determines that the action

(i) is frivolous or malicious;

(ii) fails to state a claim on which relief may be granted; or

(iii) seeks monetary relief against a defendant who is immune from such relief.[4]

To determine whether a complaint states a valid claim for relief, a court considers if it contains sufficient factual matter that if accepted as true "state[s] a claim to relief that is plausible on its face."[5] In conducting its review, the court is mindful that it must liberally construe a self-represented plaintiff's pleading and give the plaintiff the benefit of any doubt.[6] Before a court may dismiss any portion of a complaint for failure to state a claim upon which relief may be granted, the court must provide the plaintiff with a statement of the deficiencies in the complaint

---

[4] 28 U.S.C. § 1915(e)(2)(B).

[5] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

[6] *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citation omitted).

and an opportunity to amend or otherwise address the problems, unless to do so

would be futile.[7]  In this case, amendment would be futile.

Federal Rule of Civil Procedure 8(a) requires that a complaint include:

(1) a short and plain statement of the grounds for the court's jurisdiction …;

(2) a short and plain statement of the claim showing that the pleader is entitled to relief; and

(3) a demand for the relief sought, which may include relief in the alternative or different types of relief.[8]

Analysis

Below is primarily a description of some preliminary problems with this case.

Other substantive issues need not be addressed.

1.    <u>The plaintiff is responsible for establishing this Court's jurisdiction over the case</u>.

Jurisdiction is "[a] court's power to decide a case or issue a decree[.]"[9]  As

explained by the United States Supreme Court, "[f]ederal courts are courts of

limited jurisdiction.  They possess only that power authorized by Constitution and

statute."[10]   That is, the United States Constitution or a federal statute must

generally be at issue to establish this Court's jurisdiction.  It is Mr. Emril's burden,

---

[7] *Garmon v. County of Los Angeles,* 828 F.3d 837, 842 (9th Cir. 2016).

[8] Fed. R. Civ. P. 8(a).

[9] *Black's Law Dictionary* (10th ed, 2014).

[10] *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994) (citations omitted).

as the plaintiff, to show that this Court has jurisdiction to hear his claims.[11] "It is to be presumed that a cause lies *outside* this limited jurisdiction[.]"[12]

2.   <u>Venue is not appropriate in Alaska.</u>

Mr. Emrit lists his street address in Sarasota, Florida, but claims to be a resident of Nevada.[13] He gives a New York address for George Soros, but also states that Mr. Soros could be served "through publication in a major newspaper in Connecticut, where the plaintiff believes that George Soros has a mansion."[14] He gives Washington, D.C. addresses for the federal agency defendants.[15]

Under 28 U.S.C. § 1391, the federal venue statute, venue is not appropriate in Alaska because Mr. Emrit has not alleged that any of the parties reside in, or that any of the allegations arise from, defendants' actions in the State of Alaska.[16] Personal jurisdiction is "[a] court's power to bring a person into its adjudicative process."[17] The United States Constitution requires that a defendant must have a

---

[11] *K2 America Corp. v. Roland Oil & Gas, LLC*, 653 F.3d 1024, 1027 (9th Cir. 2011) ("We 'presume[ ] that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction.'") (quoting *Kokkonen*, 511 U.S. at 377).

[12] *Kokkonen* 511 U.S. at 377 (citation omitted) (emphasis added).

[13] *Id.* at 1, 4.

[14] *Id.*

[15] *Id.* at 1–2, 4.

[16] *See* 28 U.S.C. § 1391(1), (2); *see also Emrit v. Soros*, 2019 WL1923629 at *3–*4 (D. Hawai'i April 30, 2019) (detailed analysis of venue in an identical case filed in Hawai'i).

[17] *Black's Law Dictionary* (definition of "personal jurisdiction").

minimum level of contacts with the state in which the federal court is located in order for that court to be authorized to hear the case.[18] Mr. Emrit has not alleged facts in his Complaint sufficient to invoke personal jurisdiction within Alaska.[19]

In order to state jurisdiction under the federal venue statute, Mr. Emrit would have to allege facts contrary to the facts alleged in his initial Complaint. Thus, amendment would be futile in this case.[20]

3. Mr. Emrit has brought suit in another federal district court regarding the same issues brought in this case.

The Court takes judicial notice[21] that Mr. Emrit filed an identical case in the United States District Court for the District of Hawai'i, against the same defendants named in this case.[22] In both cases, Mr. Emrit alleges that Mr. Soros engaged in "short-swing trading" of Facebook stock to manipulate the value of stock prices,

---

[18] *See Int'l Shoe Co. v. State of Wash.*, 326 U.S. 310 (1945); *see also* 28 U.S.C. § 1391(b)(3) ("If there is no district in which an action may otherwise be brought as provided in this section, [a civil action may be brought in] any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.").

[19] *See* Docket 1; *see also Emrit v. Soros,* 2019 WL1923629 at *4–*5.

[20] *Garmon,* 828 F.3d at 846 ("A district court does not abuse its discretion in denying leave to amend where it would have been impossible for the plaintiff to amend the complaint to state a viable claim 'without contradicting any of the allegations of his original complaint.'") (citation omitted).

[21] Judicial notice is the "court's acceptance, for purposes of convenience and without requiring a party's proof, of a well-known and indisputable fact; the court's power to accept such a fact" *Black's Law Dictionary* (10th ed. 2014); *see also Headwaters Inc. v. U.S. Forest Service*, 399 F.3d 1047, 1051 n.3 (9th Cir. 2005) ("Materials from a proceeding in another tribunal are appropriate for judicial notice.") (internal quotation marks and citation omitted); *see also* Fed. R. Evid. 201.

[22] *Emrit v. Soros, et al.*, Civ. No. 19-00125 LEK-RLP, Docket 1.

possibly in violation of federal law. He makes identical claims, in his Alaska and Hawai'i complaints, of tortious interference of business relations/contract; a violation of the Equal Protection Clause; a Due Process violation; a violation of the Privileges and Immunities Clause; a violation of the Americans with Disabilities Act; and a violation of Title VII of the Civil Rights Act of 1964.[23] The Hawai'i case was *dismissed with prejudice*, after Mr. Emrit failed to file an amended complaint curing the deficiencies in his initial complaint.[24]

"[A] complaint . . . is frivolous where it lacks an arguable basis either in law or in fact."[25] A complaint may be dismissed as frivolous if it "merely repeats pending or previously litigated claims."[26] This case repeats, word for word, the claims Mr. Emrit made in the case he filed in the federal court in Hawai'i.

Further, given a Westlaw search showing well over 100 federal cases filed by Mr. Emrit,[27] the Court does not find this case appropriate for transfer to

---

[23] Docket 1 at 5–17; *Emrit v. Soros,* Civ. No. 19-00125, Docket 1 at 5–17; *Emrit v. Soros, et al,* 2019 WL1923629 at *1.

[24] *Emrit v. Soros,* 2019 WL 2476730 (D. Hawaii June 13, 2019).

[25] *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Martin v. Sias*, 88 F.3d 774, 775 (9th Cir. 1996); *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

[26] *Cato*, 70 F.3d at 1105 n.2 (citations and internal quotations omitted); *see also Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (recognizing that an IFP litigant may lack the economic incentives to refrain from filing frivolous or repetitive lawsuits).

[27] Westlaw.com. The cases include appeals. The Court of Appeals for the Ninth Circuit has entered a pre-filing review order for Mr. Emrit's appeals. *See, e.g., Emrit v. Regional Transit Center,* 2019 WL 2455426 *1 (9th Cir. May 31, 2019) ("This court has reviewed the notice of appeal filed March 7, 2019 in the above-referenced district court docket pursuant to the pre-filing review order entered in docket No. 15-80221. Because this

Washington D.C. ("home" of the federal agencies), under 28 U.S.C. § 1404,[28] or to any other jurisdiction.[29]

**IT IS THEREFORE ORDERED**:

1.     This case is DISMISSED as frivolous and for failure to state a claim for relief under 28 U.S.C. §§ 1915(e)(2)(B)(i) and (ii), without prejudice to the filing of cognizable claims in an appropriate venue.

2.     The Application to Waive the Filing Fee, at Docket 3, is DENIED.

3.     The Clerk of Court is directed to enter a judgment accordingly.

        DATED at Anchorage, Alaska, this 18th day of June, 2019.

                                                     */s/ Ralph R. Beistline*
                                                     RALPH R. BEISTLINE
                                                     Senior United States District Judge

---

court lacks jurisdiction over this appeal, it shall not be permitted to proceed.") (citations omitted).

[28] 28 U.S.C. § 1404(a) ("For the convenience of parties and witnesses, *in the interest of justice*, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented.") (emphasis added).

[29] *See, e.g., Emrit v. National Academy of Recording Arts and Sciences*, 2015 WL 518774 *3 (W.D. Texas Feb. 5, 2015) ("Sanctions are appropriate when a *pro se* litigant has a history of submitting multiple frivolous claims. … Plaintiff certainly has such a history. A PACER search reveals Emrit has filed no fewer than forty-seven … meritless lawsuits since March of 2013 in federal courts across the country[.]") (citations and list of cases omitted).